IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VERNA KAY HERMAN, | § § § | |
| Appellant, | § § | |
| vs. | § § | CASE NO. 6:09 CV 158 |
| JACKSON LAW OFFICE, P.C., GARY DEAN JACKSON, and GLORIA ANN JACKSON, | § § § § § | |
| Appellees. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Debtor Verna Kay Herman's appeal from the judgment of the United States Bankruptcy Court for the Eastern District of Texas. This court has jurisdiction to consider this appeal pursuant to 28 U.S.C. § 158. Having considered the arguments of counsel, the record, and the applicable law, the bankruptcy court's order is **AFFIRMED**.

## APPELLANT'S POSITION

Appellant Verna Kay Herman ("Herman") requests reversal of the bankruptcy court's judgment denying the discharge of Herman's debts. Under 11 U.S.C. § 727,

> (a) [t]he court shall grant the debtor a discharge, unless . . .
> > (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
> > > (A) property of the debtor, within one year before the date of the filing of the petition
> > > (B) property of the estate, after the date of the filing of the petition
> > . . .
> > (4) the debtor knowingly and fraudulently, in or in connection with the case—
> > > (A) made a false oath or account . . . .

1

Herman argues that her debt should have been discharged under 11 U.S.C. § 727(a)(2). She asserts the 2000 Ford F-250 truck was not disclosed in her bankruptcy schedules because she did not believe she had an ownership interest in the truck, which was titled in the name of her husband Donald Herman. She further argues merchandise from Best Buy was not listed because the items were of de minimis value, the omission was an honest mistake, and the merchandise was kept in Donald Herman's truck and used by him. Finally, she asserts the bankruptcy court makes a leap, based on the totality of the circumstances, to find that failure to list two cash payments for improvements on her home was sufficient evidence of actual intent to conceal and to hinder, delay, or defraud creditors.

Herman also argues that her debt should have been discharged under 11 U.S.C. § 727(a)(4). She asserts there is no evidence she knew that failure to list the Ford truck and Best Buy merchandise was making a false oath. Further, she argues the oversight of failing to include a reference to the cash payments in her schedules was not done with any fraudulent intent.

**APPLICABLE LAW**

The District Court reviews findings of fact made by the bankruptcy court for clear error, and conclusions of law *de novo*. *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003) (citing *Gamble v. Gamble (In re Gamble)*, 143 F.3d 223, 225 (5th Cir.1998)). "A finding of fact is clearly erroneous only if 'on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (citing *Hibernia Nat'l Bank v. Perez (In re Perez)*, 954 F.2d 1026, 1027 (5th Cir.1992) (quotation marks and citations omitted)). "'[D]eference [is given] to the bankruptcy court's determination of witness credibility.'" *Cadle Co. v. Duncan (In re Duncan)*, 562 F.3d 688, 695 (5th Cir. 2009) (citing *In re Dennis*, 330 F.3d at 701).

2

## ANALYSIS

Addressing § 727(a)(2), the bankruptcy court rejected as lacking credibility Herman's assertion that Donald Herman paid her so much money that she was compelled to recognize his ownership of the Ford truck and Best Buy merchandise. The bankruptcy court also found that Herman purchased the Ford truck by trading in a 1999 truck and personally paying the remaining purchase price with her Bank of America credit card. As to the cash payments, the bankruptcy court found that the withdrawals depleted Herman's bank account substantially below the level she had historically maintained. In addition, the transfers occurred within a month before she filed her bankruptcy petition, so any assertion by Herman that she innocently omitted these payments is not credible. Furthermore, neither the Ford truck nor the cash payments would have even been discovered as estate property without the Appellees' diligent discovery efforts. This Court agrees with the bankruptcy court that Herman's concealment of these assets and payments is inconsistent with a debtor's duty to disclose assets and establishes an actual intent to hinder, delay, or defraud creditors, which warrants denial of Herman's discharge under § 727(a)(2).

With regard to § 727(a)(4), the bankruptcy court concluded that there were too many omissions of significant transactions occurring only weeks prior to the bankruptcy filing to support the idea that these omissions were the result of honest mistake. Additionally, the bankruptcy court remained concerned about Herman's credibility. This Court agrees with the bankruptcy court that based on the circumstantial evidence and pattern of Herman's conduct, the omission of the assets and payments was made with fraudulent intent and constituted false oaths, which also warrants denial of Herman's discharge under § 727(a)(4).

## CONCLUSION

Having reached the above conclusions, the holdings of the bankruptcy court are **AFFIRMED**.

**So ORDERED and SIGNED this 30th day of October, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**